UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00046-GMN-PAL |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| CLIVEN BUNDY, et al., | (Mots. for Joinder – ECF No. 591, 593) |
| Defendants. | |

This matter is before the court on the Defendants Todd C. Engel and Gerald Delemus' Motions for Joinder (ECF Nos. 591, 593) to Defendant Eric Parker's Motion for Miscellaneous Relief (ECF No. 496). These motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7 of the Local Rules of Practice. The court has considered the motions.

Defendant Parker's motion requested an order allowing possession of thumb and hard drives at the Nevada Southern Detention Center in Pahrump, Nevada. The court entered an Order (ECF No. 588) on Mr. Parker's motion on July 8, 2016. The court asked the United States Marshal Service ("USM") to investigate and report on pretrial detainees' access to electronic discovery at the Pahrump detention center. The USM reported the detention facility's policies on access to discovery materials do not require a court order "to allow a detainee to have access to removable media such as an external hard drive or thumb drives." *Id*. at 2. However, the detention center does require prior approval from the USM through Senior Inspector Steven Carpenter to ensure that the requesting party is known to the USM as counsel of record who has a legitimate need to provide a client with discovery via removable media. *Id*.[1] Although

---

[1] To obtain written approval for a client's access to removable media (hard drives and thumb drives) loaded with discovery, counsel should contact Senior Inspector Carpenter at 702-388-6355, who has approved multiple requests of this nature. Court orders are not necessary.

1

detainees are not allowed to keep removable media in a cell or dormitory, they may access the media on computers in the law library. *Id*. The law library has 17 computers, 13 of which also have access to Lexis/Nexis. *Id*. Detainees are allowed access to the law library 25 hours per week. *Id*. The USM also reported that requests of this nature can be addressed directly by the detention center and/or the USM. *Id*. Thus, Mr. Parker's motion was granted to the extent that counsel "shall follow the procedure outlined in th[e] order to request USMS written approval." *Id*. Additionally, the court ordered all defense counsel in this case to comply with the following:

1. Counsel for the Defendants shall attempt to resolve requests for access to discovery and attorney-client visits directly with [the detention center] and the USMS before filing formal motions. Any motion for relief from this court shall provide a certification that counsel made good faith efforts to resolve issues of this nature without court intervention. The certification shall provide the details of the dates, times, persons contacted, the substance of the discussions, and result.
2. Failure to comply with the requirements of this order may result in summary denial of any future motion making requests of this nature.

*Id*.

Here, Mr. Engel and Mr. Delemus' requests for relief lack the required certification of counsel's good faith efforts to resolve their particular issues without the court's intervention.

Accordingly,

**IT IS ORDERED:**

1. Defendants Todd C. Engel and Gerald Delemus' Motions for Joinder (ECF Nos. 591, 593) to Defendant Eric Parker's Motion for Miscellaneous Relief are DENIED without prejudice.
2. Defense counsel are instructed to comply with the court's July 8, 2016 Order (ECF No. 588) before filing any future motion making requests of this nature.

Dated this 5th day of August, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE