

DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA J. AHMED
ERIN M. CREEGAN
Special Assistant United States Attorneys
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

   v.

GERALD A. DELEMUS,

    Defendant.

2:16-cr-00046-GMN-PAL

**PLEA AGREEMENT**

  The United States, by and through the undersigned, and the defendant, GERALD A. DELEMUS, and his attorney, Brian J. Smith, respectfully submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

## I. SCOPE OF AGREEMENT

  The parties to this Plea Agreement are the United States of America and the defendant, GERALD A. DELEMUS. This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any

1  other prosecuting, administrative, or regulatory authority, the United States

2  Probation Office, or the Court.

3      The Plea Agreement sets forth the parties' agreement regarding criminal

4  charges referenced in the Plea Agreement and applicable sentences, fines,

5  restitution and forfeiture.  It does not control or prohibit the United States or any

6  agency or third party from seeking any other civil or administrative remedies

7  directly or indirectly against the defendant.

8  **II.    DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS**

9      A.    <u>Guilty Plea</u>.  The defendant knowingly and voluntarily agrees to plead

10  guilty to Count One of the Superseding Indictment filed on March 2, 2016,

11  charging Conspiracy to Commit an Offense Against the United States, in violation

12  of Title 18, United States Code, Section 371, and Count Sixteen of the Superseding

13  Indictment, charging Interstate Travel in Aid of Extortion, in violation of Title 18,

14  United States Code, Sections 1952(a)(2).

15      B.    <u>Waiver of Trial Rights</u>.  The defendant acknowledges that he has been

16  advised and understands that by entering a plea of guilty he is waiving -- that is,

17  giving up -- certain rights guaranteed to all defendants by the laws and the

18  Constitution of the United States.  Specifically, the defendant is giving up:

19          1.    The right to proceed to trial by jury on all charges, or to a trial

20  by a judge if the defendant and the United States both agree;

21          2.    The right to confront the witnesses against the defendant at

22  such a trial, and to cross examine them;

23          3.    The right to remain silent at such a trial, with assurance that

his silence could not be used against him in any way;

         4.    The right to testify in his own defense at such a trial if he so chooses;

         5.    The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

         6.    The right to have the assistance of an attorney at all stages of such proceedings.

    C.    <u>Withdrawal of Guilty Plea</u>.  The defendant will not seek to withdraw his guilty plea after he has entered it in court.

    D.    <u>Dismissal of Charges</u>.  After the Court has adjudged a sentence in this case, the government will move to dismiss all remaining charges in the Superseding Indictment.

    E.    <u>Additional Charges</u>.  The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement or for conduct known to the United States at the time of this Agreement.

## III.    ELEMENTS OF THE OFFENSE

Count 1:  The elements of Conspiracy to Commit an Offense Against the United States in violation of Title 18, United States Code, Section 371 are as follows:

    1.    From on or about April 2014, and ending in or about March 2016, there was an agreement between the defendant and at least one other person to commit at least one crime as charged in the Superseding Indictment;

2.    The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3.    One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

Count 16:  The elements of Interstate Travel in Aid of Extortion, in violation of Title 18, United States Code, Section 1952 (a)(2), are as follows:

1.    On or about April 12, 2014, the defendant traveled in interstate commerce, or used the mail or any facility in interstate commerce, with the intent to commit a crime of violence in furtherance of an unlawful activity;

2.    After doing so, the defendant performed, or attempted to perform, the unlawful activity; that is, threatening directly or indirectly to injure a person or property with the intent to extort or gain any money or other property or to influence the action of any public officer, in violation of Nevada Revised Statutes, Section 205.320.

**IV.    FACTS SUPPORTING GUILTY PLEA**

A.    The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B.    The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C.    The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the

4

charged offense.

      D.    The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct..

1.    Defendant DeLemus learned of Cliven Bundy and initiated a telephone call from New Hampshire to Bundy in Nevada, on or about April 8, 2014. During their telephone conversation, defendant DeLemus understood Bundy to tell him that federal officers had guns and that he (Bundy) needed "bodies," which DeLemus understood to be people with firearms, to support Bundy. Defendant DeLemus agreed to assist Bundy. Defendant DeLemus brought firearms and gunmen to Nevada in support of Bundy.

2.    Shortly thereafter, DeLemus gathered multiple firearms and other gunmen and traveled from New Hampshire to Nevada to support Bundy.

3.    When he travelled to Nevada, defendant DeLemus joined in a conspiracy with Bundy and others associated with him and intentionally travelled in interstate commerce to display force and aggression in order to influence a federal law enforcement officer, and thereby impede or interfere with that officer's duties.

4.    Defendant DeLemus traveled to Nevada with the intent to further one of the objects of the conspiracy.

5.    On April 12, 2014, and in furtherance of the conspiracy, at least one member of the conspiracy assaulted federal law enforcement officers by brandishing a firearm, that is, by displaying all or part of a firearm to law enforcement officers while the officers were performing impoundment operations, all in order to intimidate the officers and to instill in them fear and apprehension of immediate bodily injury or death.

6.  The armed assault forced the law enforcement officers to relinquish their custody of the impounded cattle to Bundy and members of the conspiracy.

7.  Defendant DeLemus arrived in or around Bunkerville, Nevada, on or about April 13, 2014, and after the cattle had been forcibly obtained by Bundy and his conspirators.

8.  From April 13, 2014, and for weeks thereafter, defendant DeLemus, in furtherance of the conspiracy, provided personal security to Bundy and other conspirators, organized and led other gunmen in conducting patrols and manning security checkpoints, called for others to travel to Bunkerville, Nevada, as a show of force in support of Bundy, and displayed firearms and made public statements to show and threaten force, all in order to influence any public officer in violation of NRS 205.320.

## V.    COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI.    APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.    <u>Discretionary Nature of Sentencing Guidelines</u>.    The defendant acknowledges that the Court must consider the United States Sentencing

///

Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

      B.   <u>Offense Level Calculations</u>.  The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions under the Sentencing Guidelines:

| | |
|---|---|
| Base offense level (USSG § 2B3.2) | 18 |
| Special Offense Characteristics | |
| Brandished firearm (USSG § 2B3.2(b)(3)) | +5 |
| Offense Role: Manager/Supervisor (USSG § 3B1.1) | +3 |
| Offense was calculated to influence or affect the conduct of the government by intimidation or coercion (USSG § 3A1.4, comment n. 4)) | +5 |
| Obstruction of Justice (USSG § 3C1.1) | +2 |
| **Adjusted Offense Level** | **33** |
| Acceptance (USSG §§ 3E1.1(a) and (b)) | (3) |
| **Total Adjusted Offense Level** | **30** |
| Variance for Early Resolution | (4) |
| **Total Offense Level** | <u>**26**</u> |

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines

1    provisions.

2      C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under

3    USSG § 3E1.1(a), the United States will recommend that the defendant receive a

4    two-level downward adjustment for acceptance of responsibility unless he (a) fails

5    to truthfully admit facts establishing a factual basis for the guilty plea when he

6    enters the plea; (b) fails to truthfully admit facts establishing the amount of

7    restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts

8    establishing the forfeiture allegations when he enters his guilty plea; (d) provides

9    false or misleading information to the United States, the Court, Pretrial Services,

10   or the Probation Office; (e) denies involvement in the offense or provides conflicting

11   statements regarding his involvement or falsely denies or frivolously contests

12   conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g)

13   commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates

14   the conditions of pretrial release.

15     Under USSG §3E1.1(b), the United States will move for an additional one-

16   level downward adjustment for acceptance of responsibility before sentencing

17   because the defendant communicated his decision to plead guilty in a timely

18   manner that enabled the United States to avoid preparing for trial and to

19   efficiently allocate its resources. These Sentencing Guidelines provisions, if

20   applied, will result in a Total Adjusted Offense Level of **30**, as stated above.

21     D. <u>Variance Outside Advisory Guidelines Under 18 U.S.C. § 3553</u>. As

22   consideration for defendant's early resolution of a complex matter well in advance

23   of trial, the parties agree to a four-level reduction to the adjusted offense level as a

8

variance outside the USSG Guideline System under Title 18, United States Code, Section 3553, the variance being based upon the defendant's early resolution of a nineteen-defendant case, resulting in substantial savings of time and expense to the United States government. If applied, this adjustment will result in a Total Offense Level of **26**, as delineated above.

E.    Criminal History Category.   The defendant acknowledges that the Court may base its sentence in part on his criminal record or criminal history and that the Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

F.    Relevant Conduct.   The Court may consider all relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

G.    Additional Sentencing Information.   The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The parties further agree that other than the stipulated guidelines calculations, neither party will argue for additional adjustments, enhancements, or departures under the Sentencing Guidelines. The defendant, however, is free to argue for further variances from the Guideline calculations under Title 18, United

1   States Code, Section 3553.

2       The defendant acknowledges that the United States Probation Office may

3   calculate the Sentencing Guidelines differently and may rely on additional

4   information it obtains through its investigation.  The defendant also acknowledges

5   that the Court may rely on this and other additional information as it calculates

6   the Sentencing Guidelines range and makes other sentencing determinations as

7   appropriate, and that the Court's reliance on such information shall not be grounds

8   for the defendant to withdraw his guilty plea.

9       As a further part of this agreement, and as set forth more fully below, the

10  parties intend that the government will argue for a period of imprisonment of **72**

11  months as part of the sentence in this case regardless of the final guideline or

12  criminal history calculation.

13  **VII.   APPLICATION OF SENTENCING STATUTES**

14      A.   <u>Maximum Penalty</u>.  Count 1:  The maximum penalty for Conspiracy to

15  Commit an Offense Against the United States under 18 U.S.C. § 371 is 5 years

16  imprisonment, a fine of $250,000, or both.  Count 16:  The maximum penalty for

17  Interstate Travel in Aid of Extortion under 18 U.S.C. § 1952(a)(2) is 20 years

18  imprisonment, a fine of $250,000, or both.

19      B.   <u>Factors Under 18 U.S.C. § 3553</u>.  The Court must consider the factors

20  set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence.  However,

21  the statutory maximum sentence and any statutory minimum sentence limit the

22  Court's discretion in determining the defendant's sentence.

23      C.   <u>Parole Abolished</u>.   The defendant acknowledges that his prison

1  sentence cannot be shortened by early release on parole because parole has been

2  abolished.

3      D.   <u>Supervised Release</u>.  In addition to imprisonment and a fine, the

4  defendant will be subject to a term of supervised release not greater than three (3)

5  years.  18 U.S.C. § 3583(b)(1).  Supervised release is a period of time after release

6  from prison during which the defendant will be subject to various restrictions and

7  requirements.  If the defendant violates any condition of supervised release, the

8  Court may order the defendant's return to prison for all or part of the term of

9  supervised release, which could result in the defendant serving a total term of

10  imprisonment greater than the statutory maximum prison sentence.

11      E.   <u>Special Assessment</u>.  The defendant will pay a $100 special

12  assessment per count at the time of sentencing.

13  **VIII.  POSITIONS REGARDING SENTENCE**

14      The parties agree that as a part of the sentence in this case, the government

15  will recommend and argue for a period of imprisonment of **72** months either as a

16  USSG Guideline Sentence, a sentence under Title 18, United States Code, Section

17  3553(a), or both.  At his sentencing hearing, the defendant is free to argue for a

18  sentence of imprisonment of less than **72** months under Title 18, United States

19  Code, Section 3553, and the government is free to oppose any such argument.

20  **IX.  RESTITUTION**

21      The parties agree that restitution is not mandatory based on the crimes to

22  which he has pleaded guilty.  As a further part of this plea agreement, the

23  government does not intend to seek non-mandatory restitution in connection with

1  the events giving rise to the Superseding Indictment.

2  **X.  FORFEITURE**

3  The government agrees to dismiss any forfeiture counts following imposition

4  of sentence in this case and will not pursue any forfeiture in connection with the

5  events giving rise to the Superseding Indictment.

6  **XI.  FINANCIAL INFORMATION AND DISPOSITION OF ASSETS**

7  Before or after sentencing, or upon request by the Court, the United States,

8  or the Probation Office, the defendant will provide accurate and complete financial

9  information, submit sworn statements, and/or give depositions under oath

10  concerning his assets. The defendant will release such funds and property under

11  his control in order to pay any assessment and/or fine imposed by the Court.

12  **XII.  THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS**

13  A.  <u>Plea Agreement and Decision to Plead Guilty</u>.  The defendant

14  acknowledges that:

15  1.  He has read this Plea Agreement and understands its terms

16  and conditions;

17  2.  He has had adequate time to discuss this case, the evidence,

18  and this Plea Agreement with his attorney;

19  3.  He has discussed the terms of this Plea Agreement with his

20  attorney;

21  4.  The representations contained in this Plea Agreement are true

22  and correct, including the facts set forth in Section IV; and

23  5.  He was not under the influence of any alcohol, drug, or

1    medicine that would impair his ability to understand the Agreement when he

2    considered signing this Plea Agreement and when he signed it.

3        The defendant understands that he alone decides whether to plead guilty or

4    go to trial, and acknowledges that he has decided to enter his guilty plea knowing

5    of the charges brought against him, his possible defenses, and the benefits and

6    possible detriments of proceeding to trial.  The defendant also acknowledges that

7    he decided to plead guilty voluntarily and that no one coerced or threatened him to

8    enter into this Plea Agreement.

9        B.    Waiver of Appeal and Post-Conviction Proceedings.   The defendant

10   knowingly and expressly waives: (a) the right to appeal any sentence imposed

11   within or below the applicable Sentencing Guideline range as determined by the

12   Court; (b) the right to appeal the manner in which the Court determined that

13   sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal

14   any other aspect of the conviction or sentence and any order of restitution or

15   forfeiture.

16       The defendant also knowingly and expressly waives all collateral challenges,

17   including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the

18   procedure by which the Court adjudicated guilt and imposed sentence, except non-

19   waivable claims of ineffective assistance of counsel.

20       The defendant reserves only the right to appeal any portion of the sentence

21   that is an upward departure from the Sentencing Guidelines range determined by

22   the Court.

23       The defendant acknowledges that the United States is not obligated or

13

1   required to preserve any evidence obtained in the investigation of this case.

2         C.    <u>Removal/Deportation Consequences</u>.  The defendant understands and

3   acknowledges that if he is not a United States citizen, then it is highly probable

4   that he will be permanently removed (deported) from the United States as a

5   consequence of pleading guilty under the terms of this Plea Agreement.  The

6   defendant has also been advised if his conviction is for an offense described in 8

7   U.S.C. § 1101(a)(43), he will be deported and removed from the United States and

8   will not be allowed to return to the United States at any time in the future.  The

9   defendant desires to plead guilty regardless of any immigration consequences that

10   may result from his guilty plea, even if the consequence is automatic removal from

11   the United States with no possibility of returning.  The defendant acknowledges

12   that he has specifically discussed these removal/deportation consequences with his

13   attorney.

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

1    **XIII.  ADDITIONAL ACKNOWLEDGMENTS**

2        This Plea Agreement resulted from an arms-length negotiation in which both

3    parties bargained for and received valuable benefits in exchange for valuable

4    concessions.  It constitutes the entire agreement negotiated and agreed to by the

5    parties.  No promises, agreements or conditions other than those set forth in this

6    agreement have been made or implied by the defendant, the defendant's attorney,

7    or the United States, and no additional promises, agreements or conditions shall

8    have any force or effect unless set forth in writing and signed by all parties or

9    confirmed on the record before the Court.

10

11                                   DANIEL G. BODGEN
                                      United States Attorney
12

13   8 - 24 - 11
     DATE                             STEVEN W. MYHRE
14                                    NICHOLAS D. DICKINSON
                                      NADIA J. AHMED
15                                    ERIN M. CREEGAN
                                      Counsel for the Government
16

17   8/25/16
     DATE                             BRIAN J. SMITH
18                                    Counsel for Defendant

19   8/25/16
20   DATE                             GERALD DELEMUS
                                      Defendant
21

22

23

                                      15