UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No.: 2:16-cr-0046-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| GERALD DELEMUS, | ) |
| Defendant. | ) |

Pending before the Court is the Motion to Withdraw Guilty Plea (ECF No. 1298) filed by Defendant Gerald Delemus ("Defendant"). The Government filed a Response. (ECF No. 1769). Defendant did not file a reply, and the time to do so has passed.

I. **BACKGROUND**

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with numerous counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (*See* Superseding Indictment, ECF No. 27).

On August 25, 2016, Defendant had a change of plea hearing and pled guilty with a Plea Agreement to Counts One and Sixteen of the Superseding Indictment. (ECF No. 646). Then, on November 1, 2016, Defendant's attorney Brian Smith ("Smith") moved to withdraw as counsel of record, indicating that Defendant wished to withdraw his guilty plea. (Smith Mot. Withdraw as Counsel 2:13–14, ECF No. 919). Smith explained: "The reasons that [Defendant] will cite to as a basis for the withdrawal would almost certainly place his counsel in the position of being a witness at a hearing on the matter . . . [which would] be a clear conflict of interest that would shatter the attorney-client privilege." (*Id.* 2:14–17). On November 16, 2016, after

holding a hearing, Magistrate Judge Peggy A. Leen granted the motion, and current defense counsel was appointed the same day. (*See* ECF No. 979, 988).

On January 13, 2017, Defendant filed the instant Motion to Withdraw Plea. (ECF No. 1298). Defendant's sentencing hearing is currently set for May 12, 2017. (*See* ECF No. 1454).

## II.     LEGAL STANDARD

A criminal defendant has no right to withdraw a guilty plea. *United States v. Rubalcaba*, 811 F.2d 491, 493 (9th Cir. 1987). However, a district court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of any "fair and just reason," a standard that is liberally applied. Fed. R. Crim. Proc. 11(d)(2); *United States v. Ortega-Asciano*, 376 F.3d 879, 883 (9th Cir. 2004); *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Ortega-Asciano*, 376 F.3d at 883. The district court must vacate a guilty plea that was "unfairly obtained or given through ignorance, fear or inadvertence." *Rubalcaba*, 811 F.2d at 493 (quoting *Kercheval v. United States*, 274 U.S. 220, 224 (1927)). The defendant has the burden of establishing a fair and just reason for withdrawal. *See* Fed. R. Crim. Proc. 11(d)(2)(B).

When the record reflects that the defendant's plea was knowing and voluntary, and made with full understanding that the court was not bound by any sentencing agreement, the district court does not abuse its discretion in refusing to allow withdrawal of the plea. *United States v. Garcia*, 909 F.2d 1346, 1349 (9th Cir. 1990). "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Thus, the Court need not grant any request to withdraw when the reasons given contradict statements made during the plea colloquy. *United States v. Castello*, 724 F.2d 814, 815 (9th Cir. 1984). This allows the

court to deny a request to withdraw when the defendant has simply changed his mind. *Garcia*, 909 F.2d at 1348.

### III.   **DISCUSSION**

In Defendant's instant Motion to Withdraw Plea, he asserts that "he was advised during discussions with Mr. Smith if he did not accept the offered plea, the Government would assert additional 924(c) counts against him before trial." (Mot. Withdraw Plea 7:9–13, 11:15–25, ECF No. 1298). Defendant also disputes the sufficiency of his factual admissions during the plea colloquy. (*Id.* 8:7–9:18). Defendant further argues that he lacked knowledge of the charges and his legal defenses because Smith failed to discuss and advise him. (*Id.* 10:4–11:12). Defendant therefore contends that his "guilty plea was not entered knowingly and voluntarily." (*Id.* 15:13–14). Defendant further asserts that "he is factually and legally innocent of the charges to which he has plead" (*id.* 20:1–3), and he requests an evidentiary hearing (*id.* 21:14–18).

The Government responds: "The plea agreement shows that the competent, English-speaking [Defendant] understood exactly what he was doing and, moreover, did so voluntarily." (Gov't Resp. 8:11–14, ECF No. 1769). While the Government admits that Defendant "occasionally tried to hedge during his plea colloquy," it explains that "once this Court pinned him down with appropriately pointed questions—the game-playing ceased, [and] [Defendant] admitted the relevant facts." (*Id.* 8:14–18). Further, the Government contends that during the plea colloquy, Defendant "never stated (or even suggested): 'I do *not* want to plead guilty because I am innocent.'" (*Id.* 8:18–19).

*A. Additional Counts*

First, as to Defendant's argument that he was threatened with additional counts, his answers at the change of plea hearing belie this assertion. The Court asked Defendant: "[H]as anyone told you that if you do not plead guilty, new, additional charges would be brought against you?" (Change of Plea ("COP") Tr. 26:17–19, ECF No. 942). Defendant answered,

"No." (*Id.* 26:20).[1] Defendant was allowed as much time as needed to confer with counsel, and he did in fact discuss the issue with Smith off the record during the hearing. (*Id.* 26:9–16). Defendant now asserts that Smith told him "if he wanted to accept the plea than [sic] he had to answer 'No.'" (Mot. Withdraw Plea 7:17–18). Defendant has not provided any factual basis to demonstrate any reasonable belief for these alleged threats. As such, he has failed to overcome the strong presumption of veracity regarding the statement he made to the contrary during his change of plea hearing. *See Ross*, 511 F.3d at 1236–37.

### B. Sufficient Factual Basis

Next, as to the factual basis for Defendant's plea, the Court finds that the facts as admitted in the plea colloquy are sufficient to support a finding of guilt. Defendant pled guilty to Count One of the Superseding Indictment, Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371, and Count Sixteen of the Superseding Indictment, Interstate Travel in Aid of Extortion, in violation of 18 U.S.C. § 1952(a)(2). During the change of plea hearing, the Court first explained these crimes to Defendant, including an enumeration of the elements of each offense. (COP Tr. 6:22–9:5). Defendant indicated his understanding of both crimes during this exchange with the Court. (*Id.* 7:18, 9:7). Then, the Court asked Defendant questions to determine his competency and found him competent to enter a plea in this matter. (*Id.* 9:8–10:23). The Court extensively questioned Defendant as to his understanding of his rights, and Defendant expressly stated his understanding. The Court asked Defendant if he had "any lingering doubts or any questions," and he answered that he did not. (*Id.* 25:8–12). The Court then asked how Defendant wished to

---

[1] Defendant also asserts that he "had heard from a number of other Co-Defendants that if a plea wasn't accepted more 924(c) counts would be added against [him] and the other Defendants." (Mot. Withdraw Plea 7:12–16). Any rumors from co-defendants would not suffice as a reason for Defendant to withdraw his plea. This is especially true because during his change of plea hearing, the Court also asked: "Are you pleading guilty because of any coercion or fear of any of the co-defendants?" to which Defendant definitively answered, "No." (COP Tr. 26:25–27:2).

plead to each count, and he stated unequivocally, "Guilty." (*Id.* 25:13–20). Defendant further agreed that he was "pleading guilty because, in truth and in fact, [he is] guilty and for no other reason." (*Id.* 25:22–25). Subsequently, Defendant waived his right not to testify himself in order to answer the Court's questions relating to the facts in the Plea Agreement. (*Id.* 27:6–15).

As to the factual assertions, the following exchange took place between the Court and Defendant:

> THE COURT: So it says here [in the Plea Agreement] that you learned of Mr. Cliven Bundy and you initiated a telephone call to him from New Hampshire -- to him, and he was in Nevada, and that phone call occurred on or about April 8th of 2014. Is that correct?
> THE DEFENDANT: That is correct.
> . . .
> THE COURT: So, Mr. Delemus, you agreed to assist Mr. [Cliven] Bundy?
> THE DEFENDANT: That's correct.
> THE COURT: And you brought firearms and gunmen to Nevada in support of Mr. Bundy?
> THE DEFENDANT: That's correct.
> THE COURT: Okay. And you gathered multiple firearms and other gunmen and traveled from New Hampshire to Nevada?
> THE DEFENDANT: That's correct.
> . . .
> THE COURT: So [the Plea Agreement] says, "Defendant Delemus traveled to Nevada with the intent to further one of the objects of the conspiracy." Is that a true statement?
> THE DEFENDANT: Yes.
> . . .
> THE COURT: So do you have any reason to believe that the armed assault did not force the law enforcement officers to relinquish custody of the impounded cattle?
> THE DEFENDANT: No.

(*Id.* 28:10–15, 29:13–21, 31:13–17, 34:15–18).

Despite Defendant's other vacillations during the plea colloquy, the Court finds that Defendant knowingly and voluntarily admitted to facts sufficient to demonstrate the elements of both offenses. First, "[t]o prove a conspiracy under 18 U.S.C. § 371, the government must establish: (1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive crime." *United*

*States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016) (citation and internal quotation marks omitted). "The agreement need not be explicit; it is sufficient if the conspirators knew or had reason to know of the scope of the conspiracy and that their own benefits depended on the success of the venture." *United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004) (citing *United States v. Romero*, 282 F.3d 683, 687 (9th Cir. 2002)). A conspiracy may exist even if some members of the conspiracy cannot complete the offense, so long as the object of the conspiracy is that at least one conspirator complete the offense. *Ocasio v. United States*, 136 S. Ct. 1423, 1429–32 (2016).

Based on his statements in the plea colloquy, Defendant admitted that he made an agreement with Cliven Bundy and others to impede federal law enforcement officers and he maintained the requisite intent to further the objects of the conspiracy, more specifically the crimes alleged in the Superseding Indictment. Defendant clearly wavered in his knowledge of whether the overt acts occurred, as he stated that he was not in attendance at the standoff of April 12, 2014, and he did not know the details at the time. (COP Tr. 31:18–33:17). However, knowledge of the overt act is not an element of the Count One; rather, the offense requires that "one or more overt acts [were] taken to implement the agreement." *See Kaplan*, 836 F.3d at 1212. Here, Defendant did not dispute that his co-conspirators took overt actions, including assaulting federal law enforcement officers by brandishing a firearm to intimidate the officers. (*See* COP Tr. 33:9–25); (*see also* Plea Agreement 5:17–21, ECF No. 649). Accordingly, the Court finds that Defendant sufficiently admitted to the facts requisite to sustain his guilty plea as to Count One.

Second, regarding Count Sixteen, Interstate Travel in Aid of Extortion, the Government must prove that the defendant traveled in interstate commerce or willfully used a facility of interstate commerce, including the internet, with the intent to commit a crime of violence to further any unlawful activity, and thereafter performs or attempts to perform that unlawful

activity. 18 U.S.C. § 1952(a)(2). Section 1952(b)(2) specifies "extortion . . . in violation of the laws of the State in which committed" under the definition of "unlawful activity" for the purposes of the statute. The unlawful activity identified in the Superseding Indictment is extortion under N.R.S. § 205.320, which makes it a crime to directly or indirectly threaten to injure a person or property with the intent to extort or gain money or other property or to influence the action of any public officer.

The Superseding Indictment also charges Count Sixteen under 18 U.S.C. § 2 for Aiding and Abetting, meaning the defendant "(1) [took] an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 134 S. Ct. 1240, 1245 (2014). The defendant's conduct need not facilitate each and every element of the crime; a defendant can be convicted as an aider and abettor even if his conduct "relates to only one (or some) of a crime's phases or elements." *Id.* at 1246–47. The intent requirement is satisfied when a person actively participates in a criminal venture with advance knowledge of the circumstances constituting the elements of the charged offense. *Id.* at 1248–49.

The following exchange also occurred at Defendant's change of plea hearing:

THE COURT: So when you arrived in Bunkerville, Nevada, was that on or about April 13th of 2014?
THE DEFENDANT: April 13th, yes, ma'am.
THE COURT: And was that after the cattle had already been forcibly obtained by Bundy and the rest of the conspirators?
THE DEFENDANT: Yes. I didn't know it at the time, but yes.
THE COURT: Okay. So when you arrived on or about April 13th, 2014, and for weeks afterwards, did you provide personal security to Bundy and the other conspirators?
THE DEFENDANT: Yes.
THE COURT: And did you organize and lead other men with guns in conducting patrols and manning security checkpoints?
THE DEFENDANT: Yes. . . .
THE COURT: And did you call for other people to travel to Bunkerville, Nevada?
THE DEFENDANT: I did. Yes.
THE COURT: And did you display firearms?

THE DEFENDANT: Yes.

. . .

THE COURT: So what it says here on page 6, paragraph 8, is "displayed firearms and made public statements to show and threaten force, all in order to influence any public officer in violation of NRS 205.320." Is that true?

(Discussion between the defendant and his counsel off the record.)

THE DEFENDANT: I'm advised to say yes.

THE COURT: Do you accept that advice?

THE DEFENDANT: I'm sorry. I'm just trying to be very careful in my answers so that they're accurate as best as I can make them. Yes.

(COP Tr. 34:23–35:21, 36:2–14). These admissions sufficiently demonstrate Interstate Travel in Aid of Extortion. Defendant traveled to Nevada from New Hampshire with the intent to aid Cliven Bundy and continue preventing the public officers from performing their official duties. In accordance with the Plea Agreement, which Defendant signed, he also verbally admitted that he "displayed firearms . . . to show and threaten force . . . to influence any public officer in violation of NRS 205.320." (*See id.* 36:2–14); (*see also* Plea Agreement 6:5–10). Any hesitation by Defendant was examined by the Court through further questioning so the Court could assure itself of Defendant's voluntariness and full understanding. As such, the Court finds that the Rule 11 plea inquiry was sufficient, and therefore, no fair and just reason exists for withdrawal.

*C. Prior Counsel Smith*

Defendant additionally argues that Smith's failure to advise him of the charges and possible defenses constitutes a just and fair reason for withdrawal. (*See id.* 15:22–17:27). The Court disagrees.

"A defendant does not have to prove that his plea was invalid in order to justify withdrawal, [and] a defense counsel's erroneous advice may warrant withdrawing a plea even if the defendant does not prove that he would not have pleaded guilty but for the erroneous advice." *United States v. Davis*, 428 F.3d 802, 807 (9th Cir. 2005). Additionally, "a defendant

may demonstrate a fair and just reason for plea withdrawal by showing that his counsel's gross mischaracterization plausibly *could* have motivated his decision to plead guilty." *Id.* at 808.

Defendant relies on *United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005), for the proposition that "[w]hen the basis for withdrawal is erroneous or inadequate legal advice, the defendant's burden is simply to show that proper advice 'could have at least plausibly motivated a reasonable person in [the defendant's] position not to have pled guilty had he known about the [grounds] prior to pleading.'" (Mot. Withdraw Plea 15:22–27). In *Garcia*, there was newly discovered evidence in the form of a witness unknown to the defendant before he entered his guilty plea, whose declaration contradicted other evidence against the defendant. 401 F.3d at 1011. The *Garcia* court stated, "[T]he generous 'fair and just reason' standard does not require that the defendant show that the new evidence exonerates him or that there is a reasonable probability he would not have been convicted had the case gone to trial." *Id.* However, the *Garcia* court also explained: "[T]he fact that a plea was voluntary, knowing, and intelligent cannot count against a defendant's attempt to withdraw it prior to sentencing, unless the defendant's *only* asserted 'fair and just reason' for withdrawing the plea is lack of voluntariness itself." *Id.* at 1012.

Here, Defendant does not assert that he discovered any new evidence, but rather, he claims that the "erroneous or inadequate legal advice" destroyed the voluntariness of his plea. This argument fails for two reasons. First, this case specifically fits into the exception identified by the *Garcia* court – Defendant's "fair and just reason" for withdrawal is lack of voluntariness. Second, any failure in the advice of counsel was negated by the thorough canvassing of the Court. The Court explained the offenses, identified for Defendant each offense's elements, and informed him of the maximum possible sentences. Defendant asserts that "[t]he closest he came to [admitting the necessary facts to support Count Sixteen] was to say 'I was advised to say yes.'" (Mot. Withdraw Plea 17:9–11). However, this contention fails

to acknowledge the Court's follow-up question, "Do you accept that advice?" to which Defendant answered, "Yes." (COP Tr. 36:9–14). The Court continued to supplement its questioning to assure itself that Defendant's plea was in fact voluntary. Based on Defendant's answers during the extensive plea colloquy, including Defendant's stated approval of his legal representation at the time,[2] the Court found Defendant to be "fully competent and capable of entering an informed plea, that his plea of guilty is knowing and voluntary, it is supported by independent basis in fact containing the essential elements of the offense charged." (*Id.* 37:4–8). Defendant fails to point to any particular "gross mischaracterization" by Smith that would outweigh Defendant's own statements to the contrary made under oath during his change of plea hearing.

   D. *Innocence*

   Lastly, Defendant argues that he is "factually and legally innocent of the charges to which he has plead." (Mot. Withdraw Plea 20:2–3). Contrary to the Government's Response, the Ninth Circuit has held that "a defendant's failure to proclaim his innocence should not count against him when he seeks to withdraw his plea under the 'fair and just reason' standard." *Garcia*, 401 F.3d at 1012. Nevertheless, the Court does not find persuasive the reasons provided by Defendant to demonstrate his alleged innocence. Lack of "criminal intent" and Defendant's limited knowledge of "actions occurring before he arrived in Nevada" merely overlap with Defendant's other arguments addressed and rejected above. (*See supra* Part III.B.). Therefore, the Court credits Defendant's statements under oath during his change of plea hearing over his assertions now. *See United States v. Rangel*, 279 F. App'x 433, 434 (9th

---

[2] During the change of plea hearing, the Court specifically asked Defendant if he was "satisfied with the legal representation that your attorney has provided to you so far?" and Defendant answered, "Yes, ma'am." (COP Tr. 17:15–18). The Court also asked Defendant if he had "sufficient time to discuss" his case with his attorney Smith, and Defendant answered, "Yes." (*Id.* 17:19–21). As explained previously, "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *Ross*, 511 F.3d at 1236.

Cir. 2008) (upholding the district court's refusal to allow the defendant to withdraw his plea, and finding instead that the district court properly considered the defendant's assertion of innocence, even though it discounted the argument based on his contrary statements during the plea colloquy).

Ultimately, all of the reasons provided by Defendant contradict statements made during the plea colloquy, which indicates that Defendant has simply changed his mind. *See Castello*, 724 F.2d at 815; *Garcia*, 909 F.2d at 1348. Such arguments do not provide a "fair and just reason" for the Court to allow Defendant to withdraw his guilty plea.[3] Accordingly, the Court denies Defendant's Motion to Withdraw Plea.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Guilty Plea (ECF No. 1298) is **DENIED**.

**DATED** this __9__ day of May, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[3] Because the Court does not find merit in any of Defendant's asserted claims, the Court need not hold an evidentiary hearing. *See United States v. Erlenborn*, 483 F.2d 165, 167 (9th Cir. 1973) (finding no hearing need be provided on a motion to withdraw a guilty plea where the movant's allegations were answered "[i]n all significant respects" during prior proceedings).