STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
DANIEL R. SCHIESS
NADIA AHMED
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
dan.schiess@usdoj.gov
nadia.ahmed@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RYAN PAYNE, et al.,<br><br>  Defendants. | 2:16-CR-00046-GMN-PAL<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS RE PHONE CALLS (ECF Nos. 2842, 2892)** |

**CERTIFICATION: The undersigned certify that this Notice is timely filed.**

The United States, by and through the undersigned, hereby files this Response in Opposition to Defendant Ryan Payne's Motion to Dismiss With Prejudice Due to Government's Collection of Privileged Attorney-Client Phone Calls. For the reasons stated herein, the Court should deny the motion as meritless.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 3, 2016, Defendant Payne filed a motion to compel the production of "any recordings of calls between Mr. Payne and his counsel while he has been detained at CCA-Pahrump" and for an order directing CCA-Pahrump "to immediately cease and desist further recording of attorney-client phone calls." ECF No. 727 p. 4. The motion was based on counsel's "good faith belief that CCA-Pahrump is recording pretrial detainees' telephone conversations with their attorneys and handing over copies of those recordings to the U.S. Attorney's Office for the District of Nevada." *Id.* at 3. The government responded timely and correctly that (1) counsel failed to meet and confer prior to filing the discovery motion, and (2) that the government did not possess any recordings from CCA between Payne (or any co-defendants of Payne) and any lawyer for Payne (or his co-defendants). ECF No. 932. Accordingly, the Court denied the motion. ECF No. 997.

In February 2017, defendant Cooper testified in relation to the Malheur National Wildlife Refuge takeover case in the District of Oregon trial. Mr. Cooper was also separately noticed as a witness by multiple parties in this case, including the government. The FBI obtained Mr. Cooper's jail calls from Las Vegas City Jail and Henderson Detention Center. A taint team composed of FBI agents separate and apart from agents on the prosecution team reviewed the calls in order to determine the parties. The taint team utilized an excel file to document the calls, noting "minimized" on the excel document whenever the team came across a

privileged attorney-client call. *See Sealed* Exhibits A-C (Excel document by taint agents). The term "minimized" documents that the agent did not further review the call.

All of the calls were produced to the defendants subject to the protective order in this case in September 2017. On the evening of November 7, 2017, counsel for Payne emailed the prosecution team regarding receipt of co-defendant Blaine Cooper's jail calls, including privileged attorney-client phone calls and asking for various information relating to the government's receipt of these calls. The next day, on November 8, 2017, Defendant Payne filed the instant motion seeking dismissal with prejudice of the Superseding Indictment because the government produced twelve phone calls between his co-defendant, Blaine Cooper, and Mr. Cooper's attorney, her staff, or her voicemail. ECF No. 2842.

Defendant asserts that the Superseding Indictment should be dismissed because the government represented in response to its previous motion in October 2016 that it had no jail calls between defendants and their counsel from CCA-Pahrump, but now privileged calls have been produced relating to another defendant, the prosecutors did not know attorney calls were included, and therefore collectively, the government has acted with flagrant misconduct. ECF Nos. 2842, 2892.

///

///

///

3

**LEGAL STANDARD**

Defendant bears the initial burden of demonstrating any violation of the attorney-client privilege. *United States v. Rasheed*, 663 F.2d 843, 854 (9th Cir. 1981) (Defendant had "not satisfied her initial burden to show that there was in fact a violation of the attorney-client privilege in this case.")

Even if such a violation has been shown, that violation in and of itself does not rise to a constitutional violation.

> Despite the high approbation our system has for the attorney-client privilege, the Supreme Court has twice held that government invasion of that privilege or the defense camp is not sufficient by itself to cause a Sixth Amendment violation. The defendant must have been prejudiced by such actions. *United States v. Morrison*, 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981); *Weatherford v. Bursey*, 429 U.S. 545, 558, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977). Our circuit has also explicitly held that prejudice is required. *See United States v. Shapiro*, 669 F.2d 593, 598 (9th Cir. 1982); *United States v. Bagley*, 641 F.2d 1235, 1239 (9th Cir.). cert. denied, 454 U.S. 942, 102 S.Ct. 480, 70 L.Ed. 2d 251 (1981); *United States v. Irwin*, 612 F.2d 1182, 1186-87 (9th Cir. 1980) ("it is apparent that mere government intrusion into the attorney-client relationship, although not condoned by the court, is not of itself violative of the Sixth Amendment right to counsel. Rather, the right is only violated when the intrusion substantially prejudices the defendant.") (footnote omitted).

*United States v. Hernandez*, 937 F.2d 1490, 1493 (9th Cir. 1991). "Absent demonstrable prejudice, or substantial threat thereof, dismissal or the indictment is plainly inappropriate, even though the violation may have been deliberate." *United States v. Morrison*, 449 U.S. at 365.

///

///

///

## ARGUMENT

Defendant Payne's motion reflects that he does not know whether the government has obtained any privileged communications between him and counsel. ECF No. 2842. This is because he sent an evening-time email in a proclaimed effort to meet and confer but then filed a motion to dismiss on this issue the very next morning without waiting for a response. The prosecution team does not possess any privileged attorney-client communications involving Mr. Payne. Accordingly, the defendant cannot show any violation of his privileged communications and certainly cannot demonstrate that he has been prejudiced in any way. *See Hernandez*, 937 F.2d at 1493 (defendant's Sixth Amendment rights were not violated where a co-defendant, after agreeing to become a government witness, attended joint defense meetings with the defendants and their counsel, but did not disclose to the government any statements made by co-defendants or trial strategy learned); *Morrison*, 449 U.S. at 365 (where law enforcements agents attempted to undermine defendant's relationship with her attorney, the Court held that "absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate.").

Even where an agent heard privileged attorney-client communications, courts have found no Sixth Amendment violation absent any showing of prejudice. In *Weathersby v. Bursey*, 429 U.S. at 548, an undercover law enforcement officer participated with plaintiff in commission of crime, and while still posing as conspirator, attended meetings between plaintiff and criminal defense attorney, but

did not discuss or pass on to his supervisors or prosecuting attorney "any details or information regarding the plaintiff's trial plans, strategy, or anything having to do with the criminal action pending against the plaintiff." The Supreme Court stated that "[t]here being no tainted evidence in this case, no communication of defense strategy to the prosecution, and no purposeful intrusion by [the officer], there was no violation of the Sixth Amendment insofar as it is applicable to the States by virtue of the Fourteenth Amendment." *Id.* at 558. Similarly, in *United States v. Green*, 962 F.2d 938 (9th Cir. 1992), the defendant was charged with attempted counterfeiting. A law enforcement officer recorded a telephone call between a paper company employee and a law clerk in defendant's attorney's office. The law clerk asked questions about the type of paper the defendant had purchased from another supplier and referred to the defense team's investigation efforts. The officer provided the recording to the prosecutor who subsequently notified defendant's attorney of the incident and produced the officer's report and a copy of the recorded call. In holding that the defendant's Sixth Amendment rights were not violated, the court stated that "[w]e have repeatedly held in similar circumstances that the Sixth Amendment is violated only when the government's action 'substantially prejudices the defendant.'" 962 F.2d at 941. Although a defense strategy was revealed to the prosecutor, there was no indication that defendant's ability to defend himself was impaired or that the government was able to use the information in any way. The court therefore found no Sixth Amendment violation. *Id.* at 941. The court also rejected the defendant's argument that the government violated his Fifth

Amendment due process rights. Although critical of the officer's decision to record the call, this did not justify the extraordinary measure of dismissing the indictment. *Id.* at 941-42.

Here, while defendant Payne points to the calls between Mr. Cooper and his counsel as an example of the government's "flagrant misconduct" warranting dismissal of the indictment, the record should reflect just the opposite – that the prosecution team has gone to great efforts to ensure respect for attorney-client privilege in this case.

To date, no one on the prosecution team has listened to Mr. Cooper's privileged attorney-client calls or was aware of such calls (as is abundantly clear from the communications between government counsel and attorneys for Mr. Payne attached to his supplemental motion). No one on the prosecution team intends to listen to the attorney-client calls. The prosecution cannot direct the jail not to record such calls, or force the jail to review them and weed such calls out before providing them to the government. However, the prosecution team did what was within its power to protect the defendant's privileged communications. Specifically, with respect to Mr. Cooper's calls, a taint team was established, the taint team exclusively reviewed the calls, the taint team identified pertinent non-privileged calls and provided a summary of their contents. *See Sealed* Exhibits A-C. Additionally, during the review, the taint agent identified privileged communications by noting "minimized" on the excel file documenting its review. *Id.*

7

With respect to the calls defendant Payne raises in his motion, a case agent on the prosecution team contacted the taint agent responsible for review of the calls. The taint agent advised that twelve calls are listed under the name "Christa" on the excel files but only 11 of the calls are actually privileged communications with Mr. Cooper's Oregon attorney (Krista Shipsey) (*Sealed* Exhibit A: call 95; *Sealed* Exhibit B: call 89; *Sealed* Exhibit C: calls 13, 14, 23, 24, 27, 28, 29, 32, 35, 36). On disk 1, call 95, the excel file reflects that the party is "Christa," however a taint agent confirmed that the call is actually between Mr. Cooper and a third party understood by the taint team to not be a member of Mr. Cooper's defense team. *See Sealed Exhibit A*. The remaining 11 calls are all listed as "minimized" on the excel files. Again, the taint team, upon determining the call was a privileged communication between Cooper and his counsel, did no further review, did not listen to the call, and therefore did not summarize the contents. *Id.*

While the prosecution did not review such calls, it nonetheless provided all calls within its possession in discovery to the other defendants in order to avoid claims that calls were obtained that were not provided. Perhaps unsurprisingly, defendant Payne filed a motion to dismiss. However, the prosecution team has obtained none of defendant Payne's privileged attorney-client jail calls. Therefore no violation of the privilege with respect to Mr. Payne has occurred and Payne can show no prejudice implicating his Sixth Amendment rights. Accordingly, his motion lacks merit and should be denied.

**WHEREFORE**, for all the foregoing reasons, the government respectfully requests that this Court deny Payne's motion to dismiss and all other relief that he seeks within it. To the extent the government is in possession of any jail calls relating to defendant Payne or other defendants, the government will produce them forthwith.

**DATED** this 4th day of December, 2017.

    Respectfully,

    STEVEN W. MYHRE
    Acting United States Attorney

    *//s//*
    _____
    NADIA J. AHMED
    DANIEL R. SCHIESS
    Assistant United States Attorneys

    *Attorneys for the United States*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the United States Attorney's Office. A copy of the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS RE PHONE CALLS (ECF Nos. 2842, 2892)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this  day of November, 2017.

    // s //
    _____
    NADIA AHMED
    Assistant United States Attorney