# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA, )
  )
        Plaintiff, ) Case No.: 2:16-cr-0046-GMN-PAL
vs. )
  ) **ORDER**
GERALD DELEMUS, )
  )
        Defendant. )
  )

Pending before the Court is the Motion to Rehear or Reconsider Motion to Withdraw Guilty Plea, (ECF No. 3287), filed by Defendant Gerald Delemus ("Defendant"). The Government filed a Response, (ECF No. 3322). Defendant did not file a reply, and the time to do so has passed. For the reasons discussed below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant and eighteen other co-defendants with numerous counts related to a confrontation on April 12, 2014, with Officers of the Bureau of Land Management in Bunkerville, Nevada. (*See* Superseding Indictment, ECF No. 27). On August 25, 2016, Defendant pled guilty to Counts One and Sixteen of the Superseding Indictment charging conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371 and interstate travel in aid of extortion in violation of 18 U.S.C. § 1952(a)(2), respectively. (*See* Mins. of Proceeding, ECF No. 646).

On January 13, 2017, Defendant filed a Motion to Withdraw Plea, (ECF No. 1298). The Court denied that Motion on May 9, 2017, (ECF No. 1953), and Defendant was sentenced on May 31, 2017. (ECF No. 2068). On April 1, 2017, Defendant filed a Notice of Appeal, (ECF

No. 2033). The Ninth Circuit Court of Appeals dismissed that appeal on October 27, 2017. (ECF No. 3224). On July 13, 2018, Defendant filed the instant Motion to Rehear or Reconsider Motion to Withdraw Guilty Plea, (ECF No. 3287).

## II. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

A motion for reconsideration is not a mechanism for rearguing issues presented in the original filings. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also* D. Nev. LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions."). Furthermore, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

## III. DISCUSSION

In the instant Motion, Defendant requests that the Court: (1) reconsider its prior Order, (ECF No. 1953), that denied Defendant's Motion to Withdraw Guilty Plea; and (2) determine if Defendant's current counsel has a conflict in pursuing a Petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The discussion below addresses each request in turn.

As for Defendant's request to reconsider the Court's prior Order, the Government correctly notes that this Motion is not properly before the Court.[1] Pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea only, (a) before the court accepts the plea, see Fed. R. Crim. P. 11(d)(1), or ( b) after the court accepts the plea but before sentencing, see Fed. R. Crim. P. 11(d)(2). Therefore, the relief sought in the Motion is untimely because sentence was imposed over one year ago. *See* Fed. R. Crim. P. 11(d); (ECF No. 2068). Defendant has since appealed his conviction to the Ninth Circuit Court of Appeals, and that appeal was dismissed on October 27, 2017. (ECF No. 3224).

However, the Defendant may still challenge some aspects his guilty plea by filing a timely Petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. *See* Fed. R. Crim. P. 11(e); *see also United States v. Ruiz*, 257 F.3d 1030, 1032 (9th Cir. 2001) (stating that if a motion to withdraw plea is not timely filed, "relief would be available only by direct appeal or habeas corpus review"). Defendant has already separately filed a Petition under 28 U.S.C. § 2255, which is currently pending, (ECF No. 3365). Therefore, the Court denies Defendant's untimely Motion to Reconsider its prior Order.

Next, Defendant requests that the Court appoint counsel, but apparently only if a potentially prejudicial conflict exists. (Mot. to Reconsider 4:14–18, ECF No. 3287). However, Defendant fails to identify any specific conflict. Instead, defense counsel merely states that the Federal Public Defender believes "that because current counsel did the direct appeal that was dismissed, there may be procedural and potential conflict issues," but that Defendant "would like current counsel to remain on the case" unless a conflict exists that would prejudice him.

---

[1] The Government correctly objects asserting the Rule 11(d) time-bars, but it's claim that this Court lacks jurisdiction is incorrect. *See United States v. Jacobo Castillo*, 496 F.3d 947, 954 (9th Cir. 2007) (procedural rules created by the judiciary cannot shrink or expand the scope of federal jurisdiction; only Congress can confer or divest the lower federal courts of subject-matter jurisdiction.)

(*Id.* 4:8–118). Defendant does not explain what the conflict might be, nor provides a sufficient basis for the Court to evaluate the existence of a conflict. Accordingly, the Court denies Defendant's request on this issue.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Rehear or Reconsider Motion to Withdraw Guilty Plea, (ECF No. 3287), is **DENIED**.

**DATED** this  19   day of October, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court