**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-00046-GMN-NJK-010 |
| vs. ) | |
| ) | **ORDER** |
| GERALD DELEMUS, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Defendant Gerald Delemus's ("Defendant's") Emergency Motion for Compassionate Release, (ECF No. 3499). The Government filed a Response, (ECF No. 3501), and Defendant did not file a Reply.

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Compassionate Release.

**I.    BACKGROUND**

On August 25, 2016, Defendant pleaded guilty to one count of Conspiracy to Commit an Offense Against the United States in violation of 18 U.S.C. § 371 and one count of Interstate Travel in Aid of Extortion in violation of 18 U.S.C. §§ 1952(a)(2) and 2. (Mins. Proceedings, ECF No. 646); (J., ECF No. 2068). On May 31, 2017, the Court sentenced Defendant to 87 months' custody, to be followed by 3 years' Supervised Release with special conditions. (J., ECF No. 2068). Defendant is presently in custody at Federal Medical Center ("FMC") Devens in Massachusetts. (*See* Mot. Compassionate Release ("Mot. Comp. Rel.") 1:21–22, ECF No. 3499); (Resp. 2:13–14, ECF No. 3501). Defendant now petitions this Court for compassionate release.

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a term of imprisonment in limited circumstances, upon a motion by the defendant. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; and (2) "extraordinary and compelling reasons" warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must also consider whether a reduction in sentence is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* While there is currently no applicable policy statement for § 3582(c)(1)(A) motions filed by a defendant, "the Sentencing Commission's statements in U.S.S.G § 1B1.13," which apply to § 3582(c)(1)(A) motions filed by the Bureau of Prisons ("BOP"), "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. April 8, 2021). Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" include, among other things, age, terminal illnesses, and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Further, prior to reducing a sentence, U.S.S.G. § 1B1.13 directs courts to determine whether the defendant is a danger to the safety of any other person in the community. *Id.* The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.* The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendant admits that he has not exhausted his administrative remedies, but argues that the exhaustion requirement should be waived in this case because of the "exceptional circumstances of peculiar urgency" presented by the COVID-19 pandemic. (Mot. Comp. Rel. 5:15–17) (citing *Hendricks v. Zenon*, 993 F.2d 664, 672 (9th Cir. 1993) (finding that the exhaustion requirement in habeas proceedings is not jurisdictional and can be dispensed of in rare cases)). To support this argument, Defendant explains that "[t]he futility and potentially irreparable harm [he] would suffer by being forced to file for compassionate release with FMC Devens, then wait at least 30 days for the acting warden to respond to his request, or to exhaust his administrative remedies, are manifest." (*Id.* 9:9–12). In contrast, the Government argues that the exhaustion requirement is mandatory, and thus not subject to waiver. (Resp. 9:11–19). The Government requests that the Court deny the present Motion because Defendant failed to first petition the warden of FMC Devens for early release. (*Id.* 12:3–5).

Pursuant to 18 U.S.C. § 3582(c)(1)(A), exhaustion of administrative remedies is required before a district court may consider a request for compassionate release. To begin the exhaustion process, an inmate must submit a request for compassionate release to the warden of his facility. *See, e.g.*, *United States v. Cornelio*, No. 17-cr-00321-DKW, 2020 WL 6021466, at *2 (D. Haw. Oct. 12, 2020). Once this request has been submitted, there are two ways that the exhaustion requirement can be satisfied: (1) if thirty days have lapsed from the submission of the request for compassionate release without a response from the warden; or (2) if the warden denies the request within the thirty-day period, the inmate must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf." *See* 18 U.S.C. § 3582(c)(1)(A). Put differently, if the warden denies an inmate's request for compassionate release within thirty days of submission, the inmate cannot

directly petition the district court for relief until he has appealed that denial through the Administrative Remedy Procedure outlined in 28 C.F.R. part 542, subpart B. *See*, *e.g.*, *United States v. Blinks*, No.1:17-cr-0248-AWI-SKO, 2020 WL 5366728, at *2 (E.D. Cal. Sept. 8, 2020); *United States v. Iwai*, No. 15-cr-00723-DKW, 2020 WL 6470167, at *2–3 (D. Haw. Nov. 3, 2020). *But see United States v. Teran*, No. CR16-335RSL, 2021 WL 735722, at *3 (D. Wash. Feb. 25, 2021) (finding exhaustion when the warden's denial letter "did not set forth any rights to an administrative appeal or explain the procedures to file one."). [1]

In the present case, seemingly unbeknownst to both the Government and defense counsel, Defendant submitted a request for compassionate release to the warden of FMC Devens on May 26, 2020, which was denied on June 10, 2020. (FMC Devens Compassionate Release Notification Form, Ex. D to Mot. Comp. Rel., ECF No. 3500). [2] The warden explained, in writing, that Defendant's request for release was denied because Defendant can independently perform all activities of daily living, and Defendant's medical conditions are treatable and can be managed by FMC Devens even in light of the COVID-19 crisis. (*Id.*). The warden's letter also explained that Defendant had twenty days to appeal the denial using the Administrative Remedy process. (*Id.*). Because Defendant's request for release was denied within thirty days, Defendant must "fully exhaust[] all administrative rights to appeal" prior to

---

[1] It should be noted that the two avenues for administrative exhaustion are mutually exclusive. When the warden denies an inmate's request within the requisite thirty-day period, the inmate can no longer file a motion for compassionate release with the district court simply because thirty days elapsed since the request; the inmate then must exhaust his administrative remedies by appealing the denial through the BOP. *See, e.g.*, *United States v. Sims*, No. CR18-0262JLR, 2020 WL 2838611, at *4 (W.D. Wash. June 1, 2020) (citing *United States v. Miller*, No. 2:16-cr-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("The statute does not allow a defendant to short-circuit the BOP's administrative procedures simply by waiting 30 days after filing the request if the warden timely acted on the request.").

[2] While the present Motion includes as an exhibit the warden's denial of Defendant's original request for compassionate release, the Motion neglects to refer to the denial and how it relates to the exhaustion requirement vis-à-vis administrative appeal. (*See* FMC Devens Compassionate Release Notification Form, Ex. D to Mot. Comp. Rel., ECF No. 3500). Instead, the Motion focuses its arguments on the inapplicable thirty-day lapse.

bringing a motion in this Court. *See* 18 U.S.C. § 3582(c)(1)(A). However, Defendant neither claims nor provides evidence that he appealed the warden's denial of his request using the Administrative Remedy Procedure. Accordingly, Defendant failed to exhaust his administrative remedies, and thus, the Court lacks jurisdiction to consider the present Motion. *See, e.g.*, *United States v. Brigham*, No. 1:17-cr-00308-NONE, 2020 WL 5995188, at *5 (E.D. Cal. Oct. 9, 2020) ("because defendant received a denial within 30 days of the submission of his administrative request, he was required to appeal from that decision in order to exhaust his administrative remedies.").

Nonetheless, Defendant argues that "a court can dispense with the administrative exhaustion requirement where, as here, there are 'exceptional circumstances of peculiar urgency.'" (Mot. Comp. Rel. 4:9–5:17) (citing *Hendricks*, 993 F.3d at 672). To support this contention in the COVID-19 context, Defendant points to *United States v. Zukerman*, where the District Court for the Southern District of New York waived the exhaustion requirement for a 75-year-old inmate with obesity, diabetes, and hypertension because of his advanced age and compromised health. 451 F. Supp. 3d 329, 334 (S.D.N.Y. 2020); (Mot. Comp. Rel. 6:4–7:2). However, the inmate in *Zukerman* suffered from multiple COVID-19 risk factors, in addition to his advanced age.[3] *Id.* The only COVID-19 risk factor applicable to Defendant is hypertension, which merely has a "possible" effect on the severity of illness from COVID-19. *See* CDC, "Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited May 21, 2021). Without evidence of medical conditions that

---

[3] The CDC states that diabetes "can make you more likely to get severely ill from COVID-19" and that "the risk of severe COVID-19 illness increases sharply with elevated Body Mass Index ("BMI")." In combination with hypertension, these serious conditions establish that a person has a serious risk of complications and severe illness from COVID-19. *See* CDC, "Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited May 21, 2021).

create a more concrete risk of severe illness, the Court does not find it appropriate in this case to waive 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

Further, Defendant points to *United States v. Atkinson*, a case from this District, where the court granted compassionate release, despite the fact that the thirty-day statutory waiting period had not yet expired, because the inmate had "filed an application with the warden, followed up with the warden for a determination or status report, and received a generic response that did not indicate any action was being [taken] regarding his application." *Atkinson*, No. 2:19-CR-55-JCM, 2020 WL 1904585, at *4 (D. Nev. Apr. 17, 2020); (Mot. Comp. Rel. 8:1–22). However, *Atkinson* is not analogous to the present case because, within thirty days of submitting his request, Defendant received a particularized response from the warden explaining the reasons for denial and options for appealability. (*See* FMC Devens Compassionate Release Notification Form, Ex. D to Mot. Comp. Rel.). As such, it would be fruitless for the Court to grant a waiver of the thirty-day waiting period, like in *Atkinson*, because Defendant can only demonstrate exhaustion by administratively appealing the warden's denial to the BOP. *See, e.g.*, *Brigham*, 2020 WL 5995188, at *5.

Finally, district courts in the Ninth Circuit have overwhelmingly held that "failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19." *See, e.g.*, *United States v. Cambridge*, No. 2:17-cr-00227-KJD-NJK, 2021 WL 230044, at *2 (D. Nev. Jan. 22, 2021) (quoting *United States v. Fuller*, No. 13-cr-00313-PJH-1, 2020 WL1847751, at *2 (W.D. Wash. Apr. 13, 2020)). Accordingly, because Defendant failed to exhaust his administrative remedies, this Court lacks the authority to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A).

**B. Extraordinary and Compelling Reasons**

Even if Defendant had properly exhausted his administrative remedies, this Court would still decline to grant compassionate release because Defendant has not demonstrated

"extraordinary and compelling reasons" for his release. Defendant claims that the COVID-19 pandemic presents extraordinary and compelling reasons for his release because he is 65 years-old, pre-diabetic, and suffers from hypertension and hyperlipidemia. (Mot. Comp. Rel. 12:1–8).

Extraordinary and compelling reasons for compassionate release may exist when a defendant demonstrates he is suffering from a severe medical condition or has attained an advanced age. *See* U.S.S.G. § 1B1.13. When considering "extraordinary and compelling reasons" for release based on a medical condition in light of the COVID-19 pandemic, courts have looked to the safety of the defendant's current detention institution compared to release, as well as whether the defendant's medical conditions elevate the risk of severe illness from COVID-19. *See, e.g., United States v. Kauwe*, No. 3:14-cr-00044-MMD-WGC-1, 2020 WL 2926460, at *2 (D. Nev. June 3, 2020); *United States v. Walters*, No. 216CR00011JADPAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020); *United States v. Delgado*, No. 3:18-CR-17-(VAB)-1, 2020 WL 2464685, at *6 (D. Conn. Apr. 30, 2020). To determine whether a defendant's age amounts to "extraordinary and compelling reasons" for release, courts consider whether defendant: (1) is at least 65; (2) is experiencing serious deterioration in physical or mental health because of the aging process; and (3) has served at least 10 years or 75 percent of his sentence. *See, e.g.*, *United States v. Heffington*, 476 F. Supp. 3d 1042, 1049 (E.D. Cal. 2020) (citing U.S.S.G. § 1B1.13, cmt. n.1(b)).

Here, the Court finds that Defendant's medical conditions do not create a heightened risk of severe complications from COVID-19. Current CDC guidelines state that hypertension only "possibly" increases the likelihood of becoming severely ill from COVID-19. *See* CDC, "Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited May 21, 2021). Moreover, the CDC guidelines do not designate hyperlipidemia or pre-diabetes as COVID-19 risk factors. *Id.* As such, evidence of

hypertension alone does not provide the "extraordinary and compelling reasons" necessary to support a decision for compassionate release. *See, e.g.*, *United States v. Archer*, 2020 WL 4059694, at *2 (D. Nev. July 20, 2020) ("hypertension, on its own, would be concerning but not cause for compassionate release").

Further, Defendant has not established "extraordinary and compelling reasons" for release based on his age. While Defendant is at least 65 years old, he has neither served 75 percent of his sentence nor presented any evidence of serious deterioration in physical or mental health. To the contrary, FMC Devens reports that Defendant is capable of independently performing daily activities, and Defendant's medical records state that his hypertension is "well-controlled." (*See* FMC Devens Compassionate Release Notification Form, Ex. D to Mot. Comp. Rel., ECF No. 3500); (Medical Records at 46 of 66, Ex. B to Mot. Comp. Rel., ECF No. 3500). In light of the COVID-19 pandemic, the CDC does specify that "older adults are more likely to get severely ill from COVID-19," but does not designate a specific age at which a heightened risk of complications may exist. *See* CDC, "Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited May 21, 2021). Because Defendant's underlying conditions are not major risk factors for COVID-19 complications and appear to be under control, Defendant has not demonstrated "extraordinary and compelling reasons" for release with regards to either his age or medical conditions. Accordingly, Defendant's Motion for Compassionate Release is denied.

//

//

//

//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 3499), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal, (ECF No. 3500), is **GRANTED**.

**DATED** this __21__ day of May, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court